FILED
APR 05 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ROBERT L. GOLDSTEIN (SBN 184226)
CINDY L. HO (SBN 227226)
Law Offices of Robert L. Goldstein
100 Bush Street, Suite 501
San Francisco, CA 94104
Telephone: (415) 391-8710 ext. 107
Fax: (415) 391-8701

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**WHA**

| | |
|---|---|
| CATHERINE SCHOOP, | ) |
| Plaintiff, | ) CV 13 80 067MISC |
| v. | ) |
| COMMISSIONER OF INTERNAL REVENUE and UNITED STATES OF AMERICA, | ) MISCELLANEOUS CIVIL ACTION - MOTION TO QUASH SUMMONS |
| Defendants. | ) |

## MOTION TO QUASH

Pursuant to 26 U.S.C. § 7609(b) Plaintiff (hereinafter "Petitioner") hereby brings this Motion to Quash against summons issued by the Internal Revenue Service (IRS).

## FACTS

In March 2011, Petitioner Catherine Schoop was contacted by the IRS Criminal Investigation Division ("CID") concerning the corporate deposit activities of New York Frankfurter Company of California, Inc. (hereinafter "NY Frankfurter") with Bank of America. CID informed Petitioner that they believed the corporate bank deposits were being structured and this alleged activity was illegal under 31 U.S.C. § 5311. CID also stated that Petitioner's

1

alleged structured deposits were not serious so long as she was unaware of the illegality of her actions under 31 U.S.C. § 5311 and would be sending a letter of acknowledgment. However, when Petitioner received the letter of acknowledgment from CID, the letter also requested that she sign a Form 8821 so CID could also examine her and NY Frankfurter's 2009 and 2010 income tax returns. In April 2011, Petitioner signed the CID letter along with IRS Form 8821 authorizing the review of individual and corporate tax information.

On August 27, 2012, the IRS audited NY Frankfurter for the fiscal year July 1, 2009 to June 30, 2010 and Petitioner's related individual income tax returns for taxable years 2009 and 2010 as a shareholder. On March 19, 2013, the IRS issued a summons requesting that Petitioner appear on April 9, 2013 before Internal Revenue Agent Ariana Grellas in order to obtain personal testimony related to the August 27, 2012 IRS audit.

## ARGUMENT

### I. Irrelevance of Information Previously Obtained Through Audit

Utilizing a four part test set forth by the Supreme Court in U.S. v. Powell, 379 U.S. 48, 57-58 (1964), the Ninth Circuit has determined in order to enforce a summons the government must establish that (1) the investigation will be conducted for a legitimate purpose (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS' possession; and (4) the IRS complied with all administrative steps required by the Internal Revenue Code. Crystal v. U.S., 172 F.3d 1141, 1143-1145 (9th Cir. 1999). The government must also make some showing of relevancy to prevent a fishing expedition through a taxpayer's records. U.S. v. Darwin Const. Co., Inc., 632 F.Supp. 1426, 1429 (D. Md. 1986).

Here, all information sought by the IRS through its summons has already been provided by the August 27, 2012 audit and through Petitioner's counsel. *See* Declaration of Cindy L. Ho

at 4 and 5. Since the information sought is already in the IRS' possession, the IRS summons of Petitioner is improper as it fails the fourth prong of the Powell test. Consequentially, since the information sought has already been obtained by the IRS, the testimony of Petitioner can also serve no legitimate purpose and thus has no relevancy to the express purposes in which the IRS may issue a summons. Therefore, the IRS summons of Petitioner is improper as it fails to meet two of the four elements set forth by the Supreme Court in U.S. v. Powell, and should be quashed.

## II. IRS Summons is Improper Due to Criminal Implications of CID Investigation

Consensual searches are unreasonable under the Fourth Amendment and violative of due process under the Fifth Amendment if a taxpayer's consent was induced by fraud, deceit, trickery or misrepresentation by the revenue agent. U.S. v. Peters, 153 F.3d 445, 451 (7th Cir. 1998). "If the [revenue] agents were in fact conducting a criminal investigation under the auspices of a civil audit, then they affirmatively misrepresented the nature of their investigation." Id. at 451. Civil audits generally evolve into a criminal investigation when the auditors develop a strong indication of fraud. Id. Furthermore, "active involvement of CID personnel in a civil audit prior to the completion of a criminal referral also has been treated as compelling evidence that the IRS has proceeded beyond the point of "'the firm indications of fraud' and attempted to use the audit as a covert criminal investigation". Id.

The Revenue Agent Ariana Grellas conducting the initial August 27, 2012 audit assured Petitioner's counsel that the audit was independent of the CID investigation of Petitioner's income tax returns. *See* Declaration of Cindy L. Ho at 3. However, the fact that CID previously contacted Petitioner by telephone and correspondence are clear indications that there are criminal implications for Petitioner in the IRS' investigation.

Petitioner's counsel has provided the IRS with all available answers and documentation pursuant to the April 27, 2012 audit. The Revenue Agent Ariana Grellas has acknowledged to Petitioner's counsel the sufficiency of these answers but insists on hearing the same testimony from Petitioner in-person. *See* Declaration of Cindy L. Ho at 6. Given the circumstances, the IRS' summons alone is indicative of a criminal fishing expedition. Petitioner will provide the exact same responses and information as were previously provided by Petitioner's counsel. The IRS summons of Petitioner's testimony can therefore serve no purpose other than building a criminal case against the Petitioner.

Due to the criminal implications of the IRS' investigation, the testimony obtained through the IRS' summons of Petitioner would constitute an unreasonable search under the Fourth Amendment and be violative of due process under the Fifth Amendment.

## CONCLUSION

Since the IRS summons fails two of the four part test set forth in U.S. v. Powell and Petitioner's consensual compliance with the IRS summons would be violative of her constitutional rights, the IRS' summons is improper and should be quashed.

Respectfully Submitted,

Dated: April 5, 2013

_____
CINDY L. HO
Representative for Plaintiff

4

ROBERT L. GOLDSTEIN (CSBN 184226)
CINDY L. HO (CSBN 227226)
LAW OFFICES OF ROBERT L. GOLDSTEIN
100 BUSH STREET, SUITE 501
SAN FRANCISCO, CA 94104
Telephone: (415) 391-8710 EXT. 107
Facsimile: (415) 391-8701

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CATHERINE SCHOOP,<br><br>  Plaintiff,<br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE and UNITED STATES OF AMERICA,<br><br>  Defendants. | DECLARATION OF CINDY L. HO<br><br>IN SUPPORT OF MISCELLANEOUS CIVIL ACTION - MOTION TO QUASH SUMMONS |

I, Cindy L. Ho, declare that if called to testify I could and would testify as follows:

1. I am the attorney of record for Petitioner Catherine Schoop.

2. On March 26, 2013, I had a telephone conference with Internal Revenue Agent Ariana Grellas and the manager Nick Connors.

3. During the March 26, 2012 conversation, Nick Connors and Ariana Grellas stated that the Internal Revenue Service's (IRS) investigation was independent of Criminal Investigation

DECLARATION OF CINDY L. HO

Department's investigation and not related.

4. Pursuant to IRS information document requests and several meetings with Ariana Grellas, I have provided the IRS with all available documentation in my possession.

5. Pursuant to IRS information document requests and several meetings with Ariana Grellas, I provided the IRS with all answers available and known to the Petitioner Catherine Schoop.

6. The Revenue Agent Ariana Grellas acknowledged that the IRS was satisfied that I had provided all answers in good faith but wanted Petitioner Catherine Schoop to provide the same testimony personally.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2013 in San Francisco, California.

_____
CINDY L. HO
Attorney for Plaintiff Catherine Schoop

DECLARATION OF CINDY L. HO